**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PATRICK FELIX,<br><br>　　　　　　　　　　　　　Petitioner,<br>　vs.<br><br>JAMES E. TILTON, Acting Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　　　　　　Respondent. | CASE NO. 06 CV 1199 JM (AJB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND<br>(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　On June 7, 2006, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his June 24, 2004 conviction in San Diego Superior Court for committing a lewd act upon a child, attempting to commit a lewd act upon a child, and child molestation. Petitioner was sentenced to serve 60 years to life, consisting of four consecutive 15-years-to-life terms. Respondent answered the petition on August 19, 2006. Petitioner was given the opportunity to file a traverse but did not do so, nor has he requested an extension of time in which to do so. The matter was referred to Magistrate Judge Anthony J. Battaglia for a Report and Recommendation ("R&R"). Judge Battaglia issued the R&R on November 27, 2006, now before the court for review. See Docket No. 7. The parties were given leave to file written objections to the R&R no later than December 12, 2006; replies to objections were to be filed no later than December 26, 2006. To date no party has filed any objections. For the reasons set forth below, the court wholly **ADOPTS** the conclusions and findings contained in the R&R, incorporated by reference herein.

/ / /

1    The duties of the district court in connection with a magistrate judge's R&R are set forth in
2 the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make
3 a de novo determination of those portions of the report . . . to which objection is made. A judge of the
4 court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the
5 magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980).

6    Having conducted a de novo review of the papers submitted, the court finds the R&R presents
7 a thorough and sound analysis of the issues raised by the parties. The R&R correctly found that
8 Petitioner had failed to show that adjudication of his state court proceedings was contrary to or
9 involved an unreasonable application of clearly established Federal law. 28 U.S.C. § 2254(d)(1).
10 Petitioner argued that his sentence violated the Eighth Amendment's prohibition against cruel and
11 unusual punishment in light of the fact that he suffers from cerebral palsy and has the mental capacity
12 of a young boy. However, for the reasons stated in the R&R, the record shows that Petitioner's
13 sentence is not grossly disproportionate to the severity of the crime, even when Petitioner's personal
14 circumstances are taken into account. R&R at 11; Rummel v. Estelle, 445 U.S. 263, 271 (1980).[1]

15    The R&R also correctly found that Petitioner had failed to show that his conviction was based
16 on an unreasonable determination of the facts. § 2254(d)(2). As Judge Battaglia explained in detail,
17 there was substantial evidence to support Petitioner's conviction for attempting to commit a lewd act
18 on a child. R&R at 9.

19    For the foregoing reasons, the court **ADOPTS** in whole the findings and conclusion contained
20 in the R&R. Accordingly, the petition is hereby **DENIED**.

21    **IT IS SO ORDERED.**

22 DATED: January 17, 2007

23                                                                                      _____
24                                                                                      Hon. Jeffrey T. Miller
                                                                                        United States District Judge

25 cc:    Magistrate Judge Battaglia
         All Parties

---

[1] The R&R also correctly concluded that this court lacks jurisdiction to address Petitioner's claim that his sentence violates the California Constitution. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).